648 F.2d 1175
 The Honorable Robert MANDEL, Appellant,
v.
The Honorable: Ralph J. ERICKSTAD; William J. Paulson;
Vernon R. Pederson; Paul M. Sand and Gerald W.
Vande Walle, all in their capacity as
Justices of the North Dakota
Supreme Court, Appellees.
 No. 80-1662.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1981.
Decided May 13, 1981.
 
 John O. Holm, Dickinson, N. D., for appellant.
 Allen I. Olson, Atty. Gen., Rick D. Johnson, Sol. (argued), Murray G. Sagsveen, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.
 Before LAY, Chief Judge, ROSS, Circuit Judge, and ROBINSON, Senior District Judge.*
 LAY, Chief Judge.
 
 
 1
 Robert Mandel, a candidate for North Dakota district court judge, brought this action under section 1983 of title 42 challenging the validity of Administrative Rule 7-1980 promulgated by the North Dakota Supreme Court. Judge Mandel sought injunctive and declaratory relief against the individual justices of the North Dakota Supreme Court and the North Dakota Secretary of State, Ben Meier. The district court, the Honorable Bruce M. Van Sickle presiding, dismissed the action holding that the justices promulgated Administrative Rule 7-1980 in their legislative capacity and, therefore, are immune from suit brought under section 1983. See Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). As against the Secretary of State, the district court held that Judge Mandel's allegation did not constitute a constitutional violation and furthermore, was factually in error. We find that Judge Mandel's allegations do not allege any denial of a federal statutory or constitutional right and, therefore, we affirm the district court.
 
 
 2
 On May 16, 1980, the North Dakota Supreme Court adopted Administrative Rule 7-1980 (Emergency) which changed the manner in which district court judges in the state's seven judicial districts are elected to office. The rule creates specific judgeships within each judicial district for which persons seeking office must declare themselves candidates. Candidates run only against those individuals also seeking a particular judgeship. Prior to this rule change, all candidates for district judge within each district ran against all other candidates, with the top vote-getters taking office. No notice or opportunity to be heard was afforded anyone prior to adoption of the emergency rule. However, on May 16, 1980, the clerk of the North Dakota Supreme Court mailed notice of a hearing to be held on June 3 concerning permanent adoption of Administrative Rule 7-1980 (Emergency).[1] A hearing was held on June 3 and interested persons, including Judge Mandel, were heard by the supreme court. The court permanently adopted Administrative Rule 7-1980 on June 4, 1980.
 
 
 3
 On June 19, 1980, Secretary of State Meier prepared and sent to all county auditors a notice of all offices to be represented on the ballot for the primary election which was held on September 2, 1980. This notice was prepared pursuant to the requirements of Administrative Rule 7-1980.
 
 
 4
 In passing this rule change, the North Dakota Supreme Court relied on sections 87 and 93 of the North Dakota Constitution as authority for its action. Section 87 provides:
 
 
 5
 The supreme court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state; and, unless otherwise provided by law, to promulgate rules and regulations for the admission to practice, conduct, disciplining, and disbarment of attorneys at law.
 
 
 6
 The chief justice shall be the administrative head of the unified judicial system. He may assign judges, including retired judges, for temporary duty in any court or district under such rules and regulations as may be promulgated by the supreme court. The chief justice shall appoint a court administrator for the unified judicial system. Unless otherwise provided by law, the powers, duties, qualifications, and terms of office of the court administrator, and other court officials, shall be as provided by rules of the court.
 
 Section 93 provides:
 
 7
 The state shall be divided into judicial districts by order of the supreme court. In each district, one or more judges, as provided by law, shall be chosen by the electors of the district. The term of office shall be six years, and a district judge shall hold office until his successor is duly qualified. The compensation of district judges shall be fixed by law, but the compensation of any district judge shall not be diminished during his term of office.
 
 
 8
 To determine whether a complaint states a claim upon which relief can be granted, the pleadings must be viewed in the light most favorable to the plaintiff, resolving all doubts in favor of the sufficiency of the complaint. Where conclusory allegations are made, the court will measure the adequacy of the complaint only on the factual claims actually made. Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339, 341 (8th Cir. 1973).
 
 
 9
 Judge Mandel's complaint makes several conclusory allegations of violations of the federal constitution. However, the thrust of the factual allegations in his complaint is that the North Dakota Supreme Court did not have the authority under the constitution or laws of North Dakota to promulgate Administrative Rule 7-1980. That question is one of state law. The final arbiter of North Dakota law is the Supreme Court of North Dakota and the federal courts are bound by its interpretation of state law even though it relates to the exercise of the court's own powers.
 
 
 10
 We find that Judge Mandel's complaint fails to assert sufficient facts to make out a right to relief under the Constitution or laws of the United States.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 Richard E. Robinson, Senior District Judge, District of Nebraska, sitting by designation
 
 
 [1]
 The clerk stated by affidavit that notice was sent to the following individuals:
 
 
 [1]
 Executive Director and Board of Directors of the State Bar Association of North Dakota;
 
 
 [2]
 Presiding judges and other district court judges;
 
 
 [3]
 Chairmen of various standing committees of the North Dakota Supreme Court;
 
 
 [4]
 Director of the Legislative Council;
 
 
 [5]
 Associated Press;
 
 
 [6]
 Clerks of district courts;
 
 
 [7]
 Judges of county courts with increased jurisdiction;
 
 
 [8]
 Clerks of county courts with increased jurisdiction;
 
 
 [9]
 Attorney General;
 
 
 [10]
 Executive Committee of the North Dakota Trial Lawyers Association; and
 
 
 [11]
 President of the Court Reporters' Association