**Barbara C. HODGDON, Plaintiff,**

v.

**NEEDHAM–SKYLES OIL COMPANY, et al., Defendants.**

Civ. A. No. 82–2458.

United States District Court, District of Columbia.

Dec. 16, 1982.

Victor B. Gush, Fairfax, Va., Peter Weisman, Washington, D. C., for plaintiff.

Irwin Goldboom, Latham, Watkins & Hills, Washington, D. C., Richard W. Hausler, Fairfax, Va., for defendants.

MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff, Barbara C. Hodgdon, brings this action for damages against Needham-

Skyles Oil Company (NSO), Mount Vernon Savings and Loan Association, and seven individual defendants employed by NSO. The individual defendants are Jack Needham, Theron Skyles, Marion Smith, Arthur Shapro, Katherine Walsh, Laura Woodward, and Clifford Kupperberh (hereafter referred to as "Movants"). The complaint sets forth ten separate claims alleging violations of the federal securities laws, state statutes and common law. The case is now before the Court on Movants' motion to dismiss the complaint and portions thereof pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and a motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

NSO is a California corporation, whose principal place of business is in Oakland, California. The company is engaged in the business of investing in oil-producing properties and operating licensing schools. Plaintiff served as Vice President of NSO from April 1980 to October 1981, and was responsible for sales of securities. While employed by NSO, she purchased shares of stock in the company, the purchase and sale of which is the subject of this law suit. Plaintiff purchased these shares for $100,000 plus the transfer of title to a parcel of real estate located in the District of Columbia. All of the negotiations with respect to the transfer of title took place in California. After NSO acquitted title to the property, it negotiated a loan with Mount Vernon Savings and Loan in the amount of $300,000. The loan was secured by a Deed of Trust in the property. On October 19, 1982, NSO filed a Notice of Bankruptcy and thus all proceedings against it have been stayed under the provisions of the Bankruptcy Act. 11 U.S.C. § 362.

Plaintiff alleges in her complaint that defendants entered into a conspiracy, scheme and common plan to mislead, deceive and defraud her by inducing her to invest money in a fraudulent transaction. The common scheme which plaintiff alleges consisted of: 1) inducing plaintiff to purchase unregistered securities through a transaction which, unknown to plaintiff, violated federal and California securities laws, 2) concealing from plaintiff the fact that NSO was engaged in more than two acts prohibited under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1964, 3) defendants making false representations to plaintiff that her investment in NSO was secure and that she could be made whole at any time, 4) the conversion by defendants of the funds which she had invested to their personal use, and 5) embezzlement by defendants of plaintiff's funds through self-dealing.

The seven individual defendants have moved for dismissal under Rule 12(b)(2) Fed.R.Civ.P., for lack of personal jurisdiction. Jurisdiction of this Court is based on Section 22 of the Securities Act of 1933 (Securities Act), 15 U.S.C. § 77v., Section 27 of the Securities and Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78aa, RICO, 18 U.S.C. § 1965, and the principle of pendent jurisdiction. Movants contend that they did not perform any act within this jurisdiction to warrant an exercise of personal jurisdiction over them. However, where defendants reside within the territorial boundaries of the United States, the "minimal contacts" theory is not relevant. A federal statute providing for nationwide service of process justifies the exercise of power over these defendants. *See Hilgeman v. National Insurance Co. of America,* 547 F.2d 298 (5th Cir.1977); *Mariash v. Morrill,* 496 F.2d 1138 (2d Cir.1974); *Gilbert v. Bagley,* 492 F.Supp. 714 (M.D.N.C.1980); *SEC v. Geo Dynamics Oil and Gas, Inc., et al.,* 1978 Fed.Sec.L.Rep. (CCH) ¶ 96,428 (D.D.C.1978). The Court finds, therefore, that it has *in personam* jurisdiction over Movants and their motion to dismiss made pursuant to Rule 12(b)(2) is denied.

The Court will now address the question of venue. Plaintiff bears the burden of showing that the defendants fall within the special venue provisions of the Securities Act, the Exchange Act, and RICO. These statutes establish proper venue:

"in the district wherein the defendant is found or is an inhabitant or transacts business or in the district where the offer or sale took place . . ." 15 U.S.C. § 77v. (Securities Act)

"[the district] wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business . . ." 15 U.S.C. § 78aa (Exchange Act)

"any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a) (RICO).

That none of the Movants resides, is found, has an agent or routinely conducts business in the District of Columbia is beyond dispute. The remaining question is whether the transfer of title to real property located in the District of Columbia constitutes "transacting business" under the Securities Act and the Exchange Act, is an "act or transaction constituting the violation" under the Exchange Act, or transacting affairs under RICO.

■ It is well recognized that any act material to and in furtherance of an alleged fraudulent scheme will satisfy the venue criteria under the securities laws. *See SEC v. National Student Marketing Corp.,* 360 F.Supp. 284, 292 (D.D.C.1973). However, the activity must "constitute a 'substantial part of its ordinary business and must be continuous and of some duration.'" *Prousalis v. Van Krevel,* 1982 F.Sec.L.Rep. (CCH) ¶ 98,437 (D.D.C.1982). Plaintiff contends that the activity centered around the D.C. property was an integral part of the alleged scheme to defraud her. However, the only act which actually took place in the District of Columbia appears to be the recording of the deed by NSO in the District. This act was not a part of defendants' ordinary business and was not continuous. The negotiations in connection with the sale of the securities and the sale itself all took place in California. Therefore, defendants were not engaged in any activity within the District of Columbia sufficient to establish venue in this jurisdiction under the "transacting business" language of the Securities Act and the Exchange Act.

■ Section 27 of the Exchange Act also provides that venue is properly laid in any district "wherein any act or transaction constituting the violation occurred." Even if the Court were to find that the recording of the deed was an act constituting a violation of federal securities law, the act must represent "more than an immaterial part of the allegedly illegal event." *SEC v. National Student Marketing Corp.,* 360 F.Supp. at 293 *quoting Puma v. Marriott,* 294 F.Supp. 1116, 1120 (D.Del.1969). The test is whether the act on which venue is predicated is an integral part of or of material importance to the alleged violation. *See Jacobs v. Tenney,* 316 F.Supp. 151 (D.Del.1970). Due to the fact that all of the alleged misrepresentations concerning the property were made in California, the act of recording in the District of Columbia was immaterial to the scheme and is insufficient for purposes of establishing venue under Section 27 of the Exchange Act.

■ Finally, plaintiff contends that venue is proper under RICO. The Court in *King v. Vesco,* 342 F.Supp. 120 (N.D.Cal. 1972), stated that in order for venue to be proper, a defendant must regularly carry on a business of a substantial and continuous character within the district. *Id.* at 124. Movants' activities within the District of Columbia lack the requisite substantiality and continuity and thus, venue has not been established in this Court under RICO.

■ Movants request a transfer of venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). This section provides:

"for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."

The Court must consider three factors including 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interest of justice. *See SEC v. Shenker,* 1978 Fed.Sec.L.Rep. (CCH) ¶ 98,350 (D.D.C. 1978). Substantial weight must be given to

plaintiff's choice of forum, *see S & G Securities, Inc. v. Fuqua Investment Company,* 466 F.Supp. 1114, 1122 (D.Mass.1978), and Movants bear the burden of establishing that a balance of interests weighs in favor of the transfer. *See Goodman v. Fleischmann,* 364 F.Supp. 1172 (D.Pa.1973).

California appears to be the factual center of gravity in this case. All of the Movants, with the exception of Marion Smith, reside and work in California. Trial of this case in the District of Columbia would impose a substantial burden upon them. In addition, since all Movants are subject to the personal jurisdiction of the California courts, plaintiff's alleged interest in the property can be protected in California.

The interests of justice are served by an expeditious resolution of this matter. The events which comprise the allegations of fraud took place in California. Most if not all corporate records and witnesses are located in California. NSO's principal place of business is in California. On balance, the record establishes that the scales tip in favor of transfer of this case from the District of Columbia to the Northern District of California.

Having found that this Court has jurisdiction over Movants and that transfer of venue is proper, the Court will not address Movants' other grounds for dismissal.

An appropriate order follows.

### ORDER

Upon consideration of defendants' motion to dismiss and motion to transfer venue to the United States District Court for the Northern District of California, plaintiff's opposition thereto, and the entire record, it is by the Court this 15th day of December 1982

ORDERED that defendants' motion to transfer venue is granted and this case shall be transferred to the United States District Court for the Northern District of California. In light of the Court's determination that transfer is proper, it is further

ORDERED that defendants' motion to dismiss is denied without prejudice.