Anthony R.
MARTIN–TRIGONA, Plaintiff,

v.

Daniel MEISTER, et al., Defendants.

Civ. A. No. 82–0425.

United States District Court,
District of Columbia.

March 19, 1987.

Anthony Martin-Trigona, Middletown, Conn., pro se.

Robert F. Condon, William J. Hochul, Jr., Washington, D.C., for defendants.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on defendants' motion for change of venue pursuant to 28 U.S.C. § 1404(a) (1982). For the reasons set forth below, the Court grants defendants' motion and transfers this action to the United States District Court for the District of Connecticut.

### I. *Background*

*Pro se* plaintiff filed this action seeking damages and injunctive relief against Philip Shiff, Jason Shrinsky, Irving Perlmutter, Daniel Meister, and the Federal Communications Commission ("FCC"), contesting the loss of his radio station in New Haven, Connecticut, WHNC, and its broadcast license. Plaintiff alleges that defendants conspired to take away the FCC license and the radio station through involuntary bankruptcy proceedings, violating the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* (1982); the Hobbs Act, 18 U.S.C. § 1951 (1982); plaintiff's civil rights under 42 U.S.C. § 1985(2) (1982); and obstructing justice in contravention of 18 U.S.C. §§ 1503, 1505 (1982). Plaintiff asserted a number of other miscellaneous federal and state law claims, as well.

By order dated June 21, 1984, the Court dismissed the FCC from this action, as exclusive jurisdiction for judicial supervision of the FCC is vested in the Court of Appeals. On December 13, 1984, the Court

issued a memorandum order dismissing Philip Shiff for lack of personal jurisdiction. This case was tried in September 1986. The jury returned a verdict in favor of Jason Shrinsky, but they were unable to agree as to Daniel Meister and Irving Perlmutter. Accordingly, a mistrial was declared as to defendants Meister and Perlmutter, while defendant Shrinsky was dismissed.

Thereafter, defendants Meister and Perlmutter moved for judgment *non obstante veredicto*, and plaintiff sought a new trial as to Mr. Shrinsky. Both of these motions were denied by order dated October 31, 1986. Defendants then sought a written order permitting an interlocutory appeal of certain issues under 28 U.S.C. § 1292(b) (1982). This motion was denied by order of February 3, 1987. Then followed the motion to transfer venue, now before the Court.

## II. *Discussion*

Plaintiff bases this action upon federal question jurisdiction and RICO jurisdiction. 28 U.S.C. § 1331 (1982); 18 U.S.C. § 1964 (1982). Complaint ¶ 3. Where federal court jurisdiction is not founded solely on diversity of citizenship, the action may be brought in the district where all the defendants reside or in which the claim arose. 28 U.S.C. § 1391(b) (1982). An action for damages arising from a RICO violation may be brought in the district where the defendant resides, is found, has an agent, or transacts his affairs. 18 U.S.C. § 1965(a) (1982).

Defendants argue that the dismissal of Mr. Shrinsky on the jury's verdict has altered significantly the legal landscape. Mr. Shrinsky's dismissal, along with the Court's earlier dismissal of the FCC, eliminated the sole abiding nexus establishing venue in this District. *See* Complaint ¶ 6. In addition, defendants note correctly that all of the parties presently remaining in this case reside in the State and District of Connecticut. Moreover, as a reading of the complaint and a review of the first trial reveal, virtually all of the alleged events forming the basis for plaintiff's action against defendants Meister and Perlmutter occurred in Connecticut.

Title 28, United States Code, section 1404(a) (1982), provides that

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

Justice Jackson, in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), which considered the doctrine of *forum non conveniens* prior to the Code of 1948, articulated two large interests to be considered in deciding whether or not to transfer a case: (1) the interest of the litigants, and (2) the public interest. *See also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955) (In adopting section 1404(a), Congress "intended to do more than just codify the existing law on *forum non conveniens....*").

■ The Court must analyze the factual circumstances of this case in weighing the issues of convenience and fairness to the parties. *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). Still, the burden of proof rests with the defendants, the moving parties, to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978).

### A. *The Interests of the Litigants*

■ The convenience of the parties and witnesses is to be considered in the determination of whether to transfer an action. 28 U.S.C. § 1404(a) (1982); *e.g., Hodgdon v. Needham-Skyles Oil Co.*, 556 F.Supp. 75, 78 (D.D.C.1982). While plaintiff's choice of forum is ordinarily afforded great deference, it is a much less significant factor where the plaintiff is a foreigner in that forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981); *In re Scott*, 709 F.2d 717, 720 (D.C.Cir.1983).

■ Defendants Meister and Perlmutter both reside in Connecticut, and they each maintain active law practices in that State. The retrial of this case is expected to last three to four weeks, and the attendance of

defendants at trial in Washington, D.C. could be expected to interfere greatly with the needs of their clients and their practices. In addition, defendant Meister apparently suffers from severe heart disease and has need to be near his physician in Connecticut.

More compelling, however, is the added expense to defendants that a lengthy trial in Washington, D.C. would involve. The cost of weeks in a hotel, eating at restaurants, and covering similar expenses for the many out-of-town witnesses, would be significant. The majority of the witnesses that may be called to testify in the second trial of this case reside either in Connecticut or within 100 miles of the District of Connecticut. *See* Defendants' Exhibit A. Not only would it be more convenient for these witnesses to offer their testimony in Connecticut, but the court there could compel their attendance at trial if required. *See* Fed.R.Civ.P. 45; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. at 511, 67 S.Ct. at 844 ("Certainly to fix the place of trial at a point where litigants cannot compel personnel attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.").

In addition to the fact that plaintiff is also a resident of Connecticut, practically all of the actions in which defendants are alleged to have engaged took place in that State. It is beyond doubt that the transferee district is the "factual center of gravity," where all the parties reside and where nearly all the potential witnesses and records are located. *See Hodgdon v. Needham-Skyles Oil Co.*, 556 F.Supp. at 79; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. at 509, 67 S.Ct. at 843 ("There is a local interest in having localized controversies decided at home.").

B. *The Interests of Justice*

The court in the District of Connecticut will have easier access to evidence, witnesses, and other sources of proof than would this Court. *See Hodgdon v. Needham-Skyles Oil Co.*, 556 F.Supp. at 79. The law of Connecticut may need to be applied to

various claims, including allegations of a breach of professional duty. There is an important concern in having a case decided by the federal court in the State whose laws govern the interests at stake. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 509, 67 S.Ct. at 843; *see also Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 144 (D.D.C.1979) (federal court sitting in a particular State more familiar with that State's laws).

It is important to note that bankruptcy proceedings related directly to this case, involving similar facts and players, have long been pending in Connecticut. The interests of justice are better served when a case is transferred to the district where related actions are pending. *Waites v. First Energy Leasing Corp.*, 605 F.Supp. 219, 223 (N.D.Ill.1985); *Islamic Republic of Iran v. Boeing Co.*, 447 F.Supp. at 145.

While there is no time limit on when a section 1404(a) motion can be made, the Court finds it necessary to comment on the apparent lateness of the present motion. *Snam Progetti S.P.A. v. Lauro Lines*, 387 F.Supp. 322, 323 (S.D.N.Y.1974); *Spencer v. Alcoa S.S. Co.*, 221 F.Supp. 343, 344 (E.D.N.Y.), *aff'd*, 324 F.2d 957 (2d Cir. 1963); *see also Hodson v. A.H. Robins*, 528 F.Supp. 809, 818 (1981) (A resolution of a section 1404(a) motion is heavily dependent on the unique facts of particular cases.). It was not until September 24, 1986, with the dismissal of Mr. Shrinsky, that the opportunity for a section 1404(a) transfer first presented itself in a realistic light. Defendants sought first, however, to gain resolution of the merits of this case through the submission of two different post-trial motions. The Court denied these motions in succession by orders dated October 31, 1986, and February 3, 1987. Shortly after defendants' second motion was denied, they moved for a change of venue.

The Court is satisfied that the delay in moving to transfer this case is not part of a dilatory strategy. Nor does the Court find that the delay involved in transferring this case will unduly prejudice plaintiff or increase the expense of litigation. *See Pesin v. Goldman Sachs & Co.*, 397 F.Supp.

4

392, 394 (S.D.N.Y.1975); *Kest v. New York Central R.R.*, 116 F.Supp. 615, 616 (W.D.N.Y.1953). To the contrary, by transferring this case to Connecticut, a significant cost savings will be realized by virtue of the fact that the parties, witnesses, and records are all located in that judicial district. Further, the Court has learned that the United States District Court for the District of Connecticut has available trial dates as early as June and July of this year.

Regarding the law of the case, such orders as have been made prior to transfer are a part of the record and remain in effect. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir.1982); *see also International Union v. Donovan*, 756 F.2d 162, 165 nn. 16, 17 (D.C.Cir.1985) (However, courts of coordinate jurisdiction may not bind each other.). The Court may not consider the other pending motions presently before it. In transferring this case pursuant to section 1404(a), the Court loses jurisdiction. *In re Sosa*, 712 F.2d 1479, 1480 (D.C.Cir.1983).

### C. *Venue Is Proper In Connecticut*

An action may only be transferred to a district in which the action might have been commenced originally. 28 U.S.C. § 1404(a) (1982); *Relf v. Gasch*, 511 F.2d 804, 806–07 (D.C.Cir.1975). As noted *supra* at 2, plaintiff bases his action, *inter alia*, on federal question jurisdiction. Complaint ¶ 3; 28 U.S.C. § 1331 (1982); 18 U.S.C. § 1964 (1982). Thus this action may be brought in the district where all of the defendants reside or in which the claim arose. 28 U.S.C. § 1391(b) (1982); *see also* 18 U.S.C. 1965(a) (1982). As both defendants, not to mention plaintiff, reside in Connecticut, and given that at least "... a substantial portion of the acts or omissions giving rise to the action[ ] occurred ..." in Connecticut, venue is placed properly in the District of Connecticut. *Lamont v. Haig*, 590 F.2d 1124, 1234 (D.C.Cir.1978).

Last, plaintiff argues disingenuously that our circuit court ordered that the trial of this case be conducted in United States District Court for the District of Columbia.

*Martin-Trigona v. Smith*, 712 F.2d 1421 (D.C.Cir.1983). The circuit court ruled simply that plaintiff receive a trial on the merits before *a* United States District Court, not one necessarily in the District of Columbia. *Id.* at 1424–27. The Court's ruling today in no way contravenes that holding.

### III. *Conclusion*

With the dismissal of Mr. Shrinsky, the circumstances of this case present one of the rare situations where plaintiff's choice of venue must be disturbed. Consideration of the convenience to the litigants and witnesses and the interests of justice compel the Court to transfer this case to the District of Connecticut. An order is attached.

### ORDER

Upon consideration of defendants' motion for change of venue, plaintiff's opposition thereto, defendants' reply, the entire record herein, and for the reasons set forth in the accompanying memorandum, it is by the Court this 19th day of March 1987,

ORDERED that defendants' motion is granted; it is further

ORDERED that this case is transferred to the United States District Court for the District of Connecticut; and it is further

ORDERED that the Clerk of the Court for the United States District Court for the District of Columbia stay execution of this order pending notice of any appeal or for 30 days from the date of this order, whichever may occur first. If the parties indicate to the Court that no appeal from this order will be sought, then the Clerk of the Court shall execute this order forthwith.