**W. Wayne HARRIS, et al., Plaintiffs,**

v.

**REPUBLIC AIRLINES, INC., et al., Defendants.**

**Civ. A. No. 86–2147.**

United States District Court, District of Columbia.

Nov. 30, 1988.

Robert A. Brunig, O'Connor & Hannan, Minneapolis, Minn., for plaintiffs.

Raymond J. Rasenberger, Zuckert, Scoutt & Rasenberger, Washington, D.C., for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This case involves a class action brought by a number of former nonunion managerial employees of defendant Republic Airlines, Inc. ("Republic").[1] The dispute concerns a Partnership Plan which Republic offered its employees in December 1983. Initially, defendants filed a motion to dismiss. On March 19, 1988, I issued a Memorandum Opinion and Order denying that motion.

Defendants now move, pursuant to 28 U.S.C. Section 1404(a), to transfer this action to the United States District Court for the District of Minnesota. Based upon the facts of this case, I have concluded that the convenience of the parties and the interest of justice require that defendants' motion be granted.

## I. CONSIDERATIONS GOVERNING A MOTION TO TRANSFER

Section 1404(a) permits transfer of an action from a district in which venue is proper to any other district in which the action might have been properly brought. 28 U.S.C. Sec. 1404(a).

■ In considering a motion to transfer, the Court must analyze the factual circumstances of the case and determine whether the convenience of the parties, the convenience of the witnesses and the interest of justice weigh in favor of transfer. *Id.; Martin-Trigona v. Meister,* 668 F.Supp. 1, 2 (D.D.C.1987); *Turner & Newall, PLC v. Canadian Universal Insurance Co.,* 652 F.Supp. 1308, 1310 (D.D.C.1987); *Comptroller of Currency v. Calhoun First National Bank,* 626 F.Supp. 137, 139 (D.D.C. 1985). Further, the Court may consider the interest of conserving judicial resources and practical considerations which will facilitate a final resolution of the litigation in an expeditious and inexpensive manner. *See Airline Pilots Ass'n v. Eastern Airlines, Inc.,* 672 F.Supp. 525, 526 (D.D.C. 1987).

## II. CONVENIENCE OF THE PARTIES AND WITNESSES

From the perspective of defendants and defense witnesses, trial in Minnesota clearly would be more convenient. Defendants maintain their corporate headquarters in Minnesota. Most, if not all, of defendants' witnesses reside in, or have some connection with, Minnesota.

Similarly, Minnesota appears to be more convenient for the plaintiffs and plaintiffs' witnesses. None of the named plaintiffs reside in or near the District of Columbia. *See* Amended Complaint, para. 1–5. In fact, it appears that all of the named plaintiffs live in the western and middle western United States.[2] Further, it is unlikely that

---

1. Since filing this action, Republic Airlines has been merged into NWA, Inc. ("Republic–NWA").

2. Plaintiff Harris is a Michigan resident. Plaintiff James is a Nevada resident. Plaintiff Priest is a resident of California, and plaintiff Stokes is

any members of the putative class reside in or near the District of Columbia. *See* Affidavit of Charles J. Simpson, Jr., para. 7.

Although plaintiffs' anticipated witnesses reside in a variety of locations throughout the United States, none of them reside in the District of Columbia or its vicinity. Indeed, plaintiffs indicate that only one of the witnesses they intend to call to testify about the Partnership Plan at issue even resides in the northeastern United States. *See* Affidavit of Robert A. Brunig, para. 8; Affidavit of Charles J. Simpson, Jr., para. 8.

## III. ACTIONS AND CONDUCT GIVING RISE TO THIS LAWSUIT

None of the conduct relevant to this case occurred in the District of Columbia. This lawsuit relates to corporate activities conceived and, for the most part, carried out in Minnesota. Defendants maintain their corporate headquarters in Minnesota. Clearly, this matter has a most substantial relationship to Minnesota and a most tenuous relationship to the District of Columbia.

## IV. DISCOVERY AND LOCALE OF RELEVANT DOCUMENTS

Next, it should be noted that no discovery is expected to occur in the District of Columbia. Most of the documents that are assumed to be relevant to this case reside in defendants' headquarters in Minnesota. Therefore, it seems likely that the majority of discovery will occur in, or have some connection to, Minnesota.

## V. CONSIDERATION OF TRANSPORTATION COMPANY AS DEFENDANT AND DEFENDANTS' BUSINESS ACTIVITIES IN THE DISTRICT OF COLUMBIA

Plaintiffs argue that because this case involves a transportation company less consideration should be given to possible inconvenience to defendants. *See, e.g., Airlines Pilots Ass'n*, 672 F.Supp. at 527. Further, plaintiffs note that Republic–NWA is a corporation that does business throughout the United States and point to the fact that Republic–NWA operates in the District of Columbia area.

The Republic–NWA presence in the District of Columbia consists of limited operations at Washington National Airport and the operation of a sole ticket office in the District of Columbia. *See* Statement of Points and Authorities in Support of Defendant's Motion to Transfer at 5. Even assuming that these business operations and defendants status as a transportation company were significant, these factors are clearly overwhelmed by the multitude of other factors, discussed above, which militate against proceeding in this forum.

## VI. LIMITED DEFERENCE IS TO BE GIVEN TO PLAINTIFFS' CHOICE OF FORUM IN THIS CASE

■ Although deference is generally accorded plaintiff's choice of forum, *see, e.g., National Bank of Washington v. Mallery*, 669 F.Supp. 22, 29 (D.D.C.1987), the facts of this case, nevertheless, support transfer. The traditional presumption in favor of plaintiff's choice of forum can be overcome in cases where the convenience of parties and witnesses and the interests of justice clearly favor transfer. This is particularly so when the plaintiff's choice has no factual nexus to the case. *See Turner & Newall*, 652 F.Supp. at 1311; *Schmid Laboratories, Inc. v. Hartford Accident and Indemnity Co.*, 654 F.Supp. 734, 737 (D.D.C. 1986); *see also Comptroller of the Currency v. Calhoun First National Bank*, 626 F.Supp. at 140 n. 9. Additionally, the presumption in favor of plaintiff's choice of forum is a much less significant factor when the plaintiff is a foreigner in the chosen forum. *See Martin–Trigona*, 668 F.Supp. at 2.

■ Clearly, this is a case where the connection between the matter to be litigated and the chosen forum is extremely tenuous. The circumstances which gave rise to this dispute are centered in Minnesota. I cannot find any nexus between the facts of this case and this forum, and plaintiffs

a resident of Oregon. *See* Amended Complaint, para. 1–5.

have failed to suggest such a nexus.[3] Further, the plaintiffs are foreigners in the District of Columbia. Therefore, little weight is to be given to plaintiffs' choice of forum.

## VII. ISSUES POSSIBLY PRECLUDING TRANSFER

Plaintiffs have raised two issues with which I am seriously concerned and which, in a less compelling case, might well preclude transfer.

### A. *Delay in moving to transfer*

Plaintiffs contend, with some justification, that this motion is untimely. Defendants intentionally passed over the transfer motion to try to obtain a knock-out blow by moving to dismiss the entire action. Defendants' substantive motion to dismiss was replete with extremely complicated arguments going to the full merits of the case. As a result, this Court was required to expend a great deal of time and energy in connection with its ultimate denial of defendants' motion. Now that this Court has developed a degree of expertise in the issues, the defendants have moved to transfer.

While defendants' failed strategy certainly would provide a basis for denying defendants' motion, I believe it is still in interest of justice to transfer this case. Plaintiffs have not been unduly inconvenienced by defendants' actions. As discussed below, I am reasonably certain that this case will proceed to trial in Minnesota without substantial delay. I am also persuaded that defendants have not intentionally engaged in any dilatory tactics. Because, the other factors in this case weigh so heavily in favor of transfer, I believe it would be unfair to the parties and witnesses if defendants' motion were not granted.

### B. *Possible delay in transferee court's docket*

Plaintiffs argue that transfer to the District of Minnesota will result in substantial delay in the trial of this case.[4] Trial is presently scheduled for June 5, 1989.

Initially, I was concerned that transfer would result in unnecessary and inappropriate delay of the resolution of this case. However, upon review of available information regarding docket lengths and the speed at which cases proceed to trial in the District of Minnesota, I am reasonably certain that this case will not be substantially delayed by transfer.

Defendants have filed a letter from the Clerk of the Court for the District of Minnesota indicating that the District of Minnesota's docket is subject to no greater or lesser delay than the District of the District of Columbia's docket. Indeed, this District and the District of Minnesota appear to have parallel timetables for proceeding from commencement of an action to final adjudication.

Of course, there is no guarantee, and it is in fact unlikely, that the District of Minnesota court which is assigned this case will meet the trial date set by this court. Minor delay is inherent in the process of transferring a case. Nonetheless, it is my hope and belief that this case will proceed to trial in the United States District Court for the District of Minnesota without any substantial delay.

### VIII. REPRESENTATION OF COUNSEL

Key to my decision is defendants' representation that if the case is transferred to the District of Minnesota they will not seek to again raise the issues I have already determined in my opinion issued on March 19, 1988. This representation is a material

---

**3.** Plaintiffs have failed to articulate any factual nexus between this forum and their lawsuit. In fact, plaintiffs indicated at a hearing held on October 11, 1988, that the major reasons this action was filed in the District of Columbia was the belief that the case would proceed more speedily in this district.

**4.** Both parties have filed letters with this Court indicating their view of the possibility of proceeding to trial in Minnesota without substantial delay. In addition, Francis E. Dosal, Clerk of the Court, United States District Court for the District of Minnesota, has provided this Court with information regarding possible delay, or lack thereof, in the District of Minnesota.

factor in my decision to transfer. I assume defendants' will honor it.

## IX. CONCLUSION

For the foregoing reasons, defendants' motion to transfer this case to the District of Minnesota shall be granted.