**John M. MCGOVERN, Jr., Plaintiff,**

v.

**William BURRUS, et al., Defendants.**

No. Civ.A. 04–1084(RJL).

United States District Court,
District of Columbia.

March 21, 2005.

John M. McGovern, Jr., Ridgewood, NJ, pro se.

Darryl James Anderson, O'Donnell, Schwartz & Anderson, P.C., Washington, DC, for Defendants.

### MEMORANDUM OPINION

LEON, District Judge.

Plaintiff John McGovern filed the instant action against the American Postal Workers Union, AFL–CIO ("APWU" or "Union"), and several of its officers in their official capacity (collectively "defendants"). The plaintiff alleges, in essence, that the defendants expelled him from the APWU in violation of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act"), 29 U.S.C. §§ 401, *et seq.*, the United States Constitution, and the constitution and by-laws of the APWU. Presently before the Court is defendants' Motion to Dismiss or, in the alternative,

For a Change of Venue pursuant to 28 U.S.C. § 1404. For the following reasons, the Court GRANTS defendants' motion and transfers the case to the United States District Court for the District of New Jersey.[1]

### I. ANALYSIS

The Court has broad discretion to adjudicate motions to transfer pursuant to 28 U.S.C. § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). That section provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." In considering motions to transfer, the Court considers both the private interests of the parties and the public interests of the courts. *Paley v. Estate of Ogus*, 20 F.Supp.2d 83, 92 (D.D.C.1998). The Court concludes that, under the facts of this case, these interests weigh heavily in favor of transfer to the United States District Court for the District of New Jersey.

As a threshold matter, transfer is proper because the plaintiff could have initiated this action in United States District Court for the District of New Jersey. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district ... depend[s] ... upon whether the transferee district was one in which the action might have been brought by the plaintiff.") (internal quotation omitted).

---

1. Defendants filed the instant motion on July 22, 2004. On January 7, 2005, after the plaintiff failed to file any opposition to defendants' motion, the Court issued an Order notifying the plaintiff, who is proceeding *pro se*, that defendants' motion may be treated as conceded if he failed to respond to defendants' motion by February 7, 2005. *See* Order (Jan. 7, 2005), at 1–2. On February 7, 2005, plaintiff filed for a thirty day extension of time to file his response. Plaintiff has not filed any response to-date, and therefore any response at this point would be untimely.

The venue provision contained in the LMRDA provides that a party may file suit under the Act "in any district in which its duly authorized officers or agents are engaged in conducting the affairs of the trusteeship." 29 U.S.C. § 464(b). In this case, the New Jersey Area Local ("NJAL"), a local of the APWU representing United States Postal Employees in northern New Jersey, was placed in trusteeship in New Jersey, *see* Declaration of Terry Stapleton, ¶ 5 ("Stapleton Decl."), and therefore venue would have originally been appropriate there because that is where the "affairs of the trusteeship" are conducted.

 Transfer is also proper because an adjudication of the merits of this case in New Jersey comports with both the private interests of the parties and the public interests of the courts. Presently, the plaintiff's choice of forum, the District of Columbia, has few meaningful ties or interest in this suit, if any. *See Trout Unlimited v. U.S. Dep't of Agric.*, 944 F.Supp. 13, 17 (D.D.C.1996) (noting that the only "relationships" the law suit had with the District of Columbia was that one of the plaintiffs resided in northern Virginia). The only apparent legal nexus between the case and this jurisdiction-that the APWU headquarters are located in the District of Columbia-is not a dispositive consideration. Indeed, cases decided under § 1404(a) "have laid much less emphasis on [the residency] factor." *King v. Navistar Int'l Transp. Corp.*, 709 F.Supp. 261, 262 n. 2 (D.D.C.1989) (quoting 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3849 (1986)).

Perhaps more relevant, the claims and facts that underlie the plaintiff's complaint arise exclusively from conduct that allegedly occurred in the state of New Jersey.

*See Harris v. Republic Airlines, Inc.*, 699 F.Supp. 961, 963 (D.D.C.1988) (granting transfer where the plaintiff's choice of forum had an "extremely tenuous" relationship to the District of Columbia, and the circumstances giving rise to the dispute were centered in Minnesota). The plaintiff alleges that his rights were violated when he was expelled from the NJAL, which is the New Jersey Local division of the APWU. *See* Compl. ¶¶ VI–IX. Plaintiff had served as the NJAL's Secretary–Treasurer for several years before the organization was placed in trusteeship. Stapleton Decl. ¶ 5. After the trusteeship was imposed, the trustee learned that the NJAL's finances were in disarray and, as a result, charges were filed against the plaintiff under the NJAL's constitution and by-laws. *Id.* The NJAL conducted a hearing in New Jersey and the plaintiff was found guilty of violations of the APWU constitution and expelled from the organization. *Id.* Because the disciplinary hearing on the Union's charges against plaintiff occurred in New Jersey, and all the evidence presented in the hearing originated in New Jersey, the Court concludes that it is in the interest of justice that the case be transferred to the United States District Court for the District of New Jersey. *See Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 144 (D.D.C.1979) ("In weighing claims of convenience, the Court recognizes the diminished consideration accorded to a plaintiff's choice of forum where, as here, that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter.").[2]

## II. CONCLUSION

For the reasons set forth above, the Court concludes that the defendants' Mo-

---

**2.** Having concluded that transfer is in the interest of justice, the Court does not address or even consider the defendants' alternative argument that the complaint should be dismissed pursuant to federal rule of civil procedure 12(b)(6).

tion is GRANTED. An appropriate order with issue contemporaneously herewith.