**SHERATON OPERATING CORP.,**
**as agent for Woodley Road**
**Associates, Inc., Plaintiff,**

v.

**JUST CORPORATE TRAVEL and Cynthia Grim d/b/a Just Corporate Travel, Defendant.**

**No. 97–1279(PJA).**

United States District Court,
District of Columbia.

Nov. 3, 1997.

---

Michael Alan Hordell, Washington, DC, for Plaintiff.

William Howard Schladt, Gaithersburg, MD, Alexander Anolik, Marilyn D. Weinstein, San Francisco, CA, for Defendant.

## MEMORANDUM ORDER

ATTRIDGE, United States Magistrate Judge.

This matter is before the Court on defendant's, Just Corporate Travel's, motion to dismiss for lack of diversity jurisdiction or, in the alternative, transfer of venue to the Northern District of California [# 16]. Pursuant to 28 U.S.C. § 636(C), the parties consented to proceed before a United States Magistrate Judge for all purposes. Upon consideration of the motion, opposition, reply[1] and the applicable law, and for the

---

1. The defendant's unopposed motion for an extension of time to file a reply [# 22] shall be granted, and Just Corporate's reply, which was

reasons explained below, the Court concludes that jurisdiction as well a proper venue is found in the District Court for the District of Columbia.

### Diversity Jurisdiction—28 U.S.C. § 1332

Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of civil matters where the controversy exists among "citizens of different states" and the amount in controversy exceeds $75,000. For purposes of this statute, a corporation is a citizen of any state in which it is incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In its motion to dismiss, Just Corporate argues that there is not complete diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, it argues that the Woodley Road Associates' relationship to this action is manufactured for the purpose of creating diversity, and that the 31 properties the Sheraton Operating Corporation [Sheraton] owns in California, the state of citizenship of the defendant, destroys diversity.

██ The Sheraton, in opposing the motion, explained the relationship between the Sheraton Operating Corporation (acting as an agent for) and Woodley Road Associates (which has been assigned the rights of the owner [pl's opp., exh. C]). It further identified the corporate headquarters or "nerve center" for the Sheraton, a Delaware Corporation, as Boston, Massachusetts; thus, the Sheraton is not a citizen of California for the purposes of this action.[2] Further, the Sheraton points to the forum selection clause, as well as the business conducted by Just Corporate in Washington, D.C., as the basis for which this action was brought in the District Court for the District of Columbia.

In reply to the Sheraton's opposition, Just Corporate no longer disputes the plaintiff's showing of diversity of citizenship. Instead, the defendant resorts to an entirely new argument—that diversity jurisdiction is defeated by the amount in controversy.

██ The plaintiff's complaint alleges a loss in hotel income of $133,355.00—well over the $75,000 jurisdictional minimum. Just Corporate disputes this amount by asserting the plaintiff failed to mitigate its damages, that the contract is ambiguous and unconscionable, and that the liquidated damages provision will fail. A plaintiff, however, "does not have to prove exact damages when confronted at the outset with the defendant's motion to dismiss for want of amount in controversy; it is sufficient if the plaintiff can show that the case *can* go for more than the monetary minimum." 28 U.S.C. § 1332, Commentary on 1988 Revision (emphasis in original). In order for this Court to dismiss this action based on the amount in controversy, it "must be able to say, after crediting all of the plaintiff's factual allegations under the so-called well-pleaded complaint rule, that a verdict in excess of the jurisdictional minimum (now [$75,000]) would have to be set aside as a matter of law." *Id.* The Court cannot make such a finding, and to allow the defendant's arguments to prevail at this stage would in essence be a premature judgment on the merits, which the Court declines to make.

In sum, the plaintiff has satisfied section 1332(a) and (c), thus original jurisdiction properly lies in this Court.

### Forum Non Conveniens— 28 U.S.C. § 1404(a)

In its motion and reply, Just Corporate argues that, in the event diversity jurisdic-

---

attached as an exhibit to the motion, shall be deemed filed.

**2.** The Court notes that both the Sheraton Operating Corporation and Woodley Road Associates are incorporated in, and thus citizens of, Delaware. This, however, will not defeat diversity jurisdiction. "[W]here a party sues or is sued in a representative capacity, its legal status is regarded as distinct from its position when it operates in an individual capacity." *Arkwright-Boston Mfrs. Mutual Ins. Co. v. Truck Ins. Exchange,* 979 F.Supp. 155,(E.D.N.Y. 1997)(citing *Airlines Reporting Corp. v. S and N Travel, Inc.,* 58 F.3d 857, 862 (2d Cir.1995)). The Sheraton is bringing this action not in its own interests, but pursuant to its contractual obligations as an agent of Woodley Road Associates, the "real and substantial part[y] to the dispute"; thus, the Sheraton's corporate citizenship is not controlling. *Airlines Reporting Corp.,* 58 F.3d at 862. As the assignment of the interest to Woodley Road Associates occurred six years prior to the contract in dispute [pl's opp., exh. C], the Court cannot conclude that the assignment was improperly or collusively made.

tion is found, that the case should be transferred to the Northern District of California in the interest of justice and for the convenience of the parties and witnesses. A district court may transfer a civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). As established above, complete diversity exists among the parties who are citizens of California, District of Columbia, and Delaware. As the defendant is a citizen of California, the diversity action could have been brought in the Northern District of California.

Since diversity and subject matter jurisdiction exist in both the proposed transferor and transferee courts, the Court must consider whether transfer would serve "the convenience of the parties and witnesses" and be "in the interest of justice." 28 U.S.C. § 1404(a).

██ "The moving party has the burden of showing that the convenience of the parties and witnesses favors transfer ... ordinarily, the 'plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request.' " *Kirschner Brothers Oil, Inc. v. Pannill,* 697 F.Supp. 804, 806 (D.Del.1988)(citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970)); *accord Armco Steel Co. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C.1991)(citing *Harris v. Republic Airlines, Inc.,* 699 F.Supp. 961, 963 (D.D.C.1988)). District courts retain broad discretion in balancing the asserted conveniences and fairness to the parties. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1091 (D.C.1976).

Opposing transfer of venue, Sheraton referred the Court to the forum selection clause in the disputed contract by which Just Corporate consented to proceed in "any court of the competent jurisdiction" in the District of Columbia, the situs of the hotel. The contract clause provides in pertinent part:

Any controversy, claim or dispute arising out of or relating to this Contract shall, at the option of the Hotel, be settled in the City in which the Hotel is located ... **through an action brought in any court of the competent jurisdiction in the**
**State in which the Hotel is located for trial and determination by such court sitting without a jury.** In connection with any such litigation, including appellate proceedings, the prevailing party shall be entitled to recover reasonable attorneys ´fees and costs. By your execution of this Contract you hereby consent to the jurisdiction of a court of competent jurisdiction in the State in which the Hotel in located and to service of process outside the State in which the Hotel is located pursuant to the applicable requirements of such court in any manner so submitted to it and you expressly waive the right to a trial by jury . . .

[Pl's opp., exh. A, pp. 7–8 (emphasis added) ]. The contract was executed on January 10, 1996. [*Id.* at 9].

██ Although instructive, the forum selection clause is not necessarily controlling. This Court, quoting leading commentators, has noted:

A contractual provision specifying the forum for any litigation arising out of the contract ... cannot be decisive on a motion to transfer. 'Congress set down in § 1404(a) the factors it thought should be decisive on a motion for transfer. Only one of these—the convenience of the parties—is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors—the convenience of the witnesses and the interest of justice—are third party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties.'

*Turner & Newall, PLC v. Canadian Universal Ins. Co.,* 652 F.Supp. 1308, 1311 (D.D.C.1987)(quoting C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, quoting *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757–58 (3d Cir.1973) (citation corrected)). Thus, although section 1404(a) "encompasses consideration of the parties' private expression of their venue preferences," *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29–30, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988), discretion remains with

the Court "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

While taking into account the forum selection clause in the instant dispute, the Court must also consider other factors including, but not limited to, "'the convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial.'" *Armco Steel Co. v. CSX Corp.,* 790 F.Supp. at 323–324 (citing *SEC v. Page Airways, Inc.,* 464 F.Supp. 461, 463 (D.D.C.1978)).

First addressing the respective conveniences/inconveniences of the parties, the Court notes that, "[e]ven if a transfer would significantly benefit [the][d]efendant[ ], the Court will not grant the motion if the result merely would shift the inconvenience from [d]efendant[ ] to [plaintiff]; the net convenience must increase." *Kirschner Brothers,* 697 F.Supp. at 807. In this action, the defendant, by affidavit of co-owner of Just Corporate Cynthia Grim, argues that her small company of eight employees located exclusively in Santa Rosa, California, will suffer an enormous financial burden to defend this action on the opposite coast—both in travel expenses and in the disruption of its business activities. Just Corporate further argues that the District Court for the District of Columbia does not have subpoena power over its key witness, Ms. Mary Moran, who is the signatory of the contract in dispute and who is no longer employed by Just Corporate. On information and belief, Ms. Moran is within the subpoena power of the Northern District of California. [Grim affidavit, ¶ 5]. Significantly, however, the defen-

dant has not suggested that Ms. Moran is an unwilling witness.

Finally, Just Corporate argues that the dispute has minimal connection with the District of Columbia. This argument has no merit. The Sheraton Hotel is located in the District of Columbia. The defendant sought out the Sheraton in the District of Columbia. Just Corporate concedes that both Ms. Grim and Ms. Moran traveled to Washington in May 1996 to visit the Sheraton.[3] In sum, Just Corporate had very deliberate contacts with the District of Columbia. *Accord Reiman v. First Union Real Estate and Mortgage Investments,* 614 F.Supp. 255, 258 (D.D.C.1985)("[W]here a non-resident had solicited the business relationship, and the contract called for the performance of work within the District of Columbia, the court found that the transaction had such a substantial connection with the District".)

The Sheraton, Just Corporate argues, is in quite the opposite position: The Sheraton can pursue the action with relative ease in northern California where the Sheraton owns several properties. The implication, of course, is that travel expenses incurred by Sheraton would be considerably less and can be better born by the huge corporation.

The Sheraton, opposing the motion, makes no specific averments regarding the expense of bringing the action in the Northern District of California; however, the Sheraton does point out that the center of the controversy is in this District—the Sheraton Hotel, as are its witnesses and documents.

Upon consideration of the interests of the parties and the interests of the public, the Court in its discretion finds that the net conveniences will not increase by transferring the case to the Northern District of California, and thus the plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp., v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The Court is not unsympathetic to the defendant's argu-

---

**3.** "A nonresident defendant may be considered to have transacted business within the meaning of [this jurisdiction's long-arm statute] § 13–423(a)(1) without ever having been physically in the District, and, under certain circumstances, even a single act may be sufficient to bring a defendant within the purview of the statute." *Reiman v. First Union Real Estate Equity and Mortgage Investments,* 614 F.Supp. 255, 256–257 (D.D.C.1985) (discussing personal jurisdiction).

ment that it will be a burden to defend the litigation in Washington, D.C.; however, the defendant should have considered that possibility before it chose to do business in Washington, D.C. Moreover, it undoubtedly would be a burden on the Sheraton to bring the action in the Northern District of California. Although the plaintiff may have several properties nearby, as the defendant argues, there is no indication that any Sheraton employee associated with any property other than that in the District of Columbia has any knowledge of the contract in dispute. And, as noted *supra*, the Sheraton avers that the witnesses and documents on which it is relying are located here in the District.

Although Just Corporate may be a small company, before the Court is a contract signed by (then-employee) Mary Moran, who traveled from Santa Rosa, California, with Ms. Grim to Washington, D.C. to negotiate the block of rooms in dispute. Ms. Moran reserved over $133,000 worth of rooms. The contract, as discussed *supra*, provides for resolution of conflicts by a court in this jurisdiction. Although Just Corporate made and initialized changes to other portions of the contract in dispute, it made no objection to the forum selection clause. Further, there is no indication that Ms. Moran is an unwilling witness. Should she be unwilling to travel or should the defendant wish to forgo bringing her due to expense, a *de benne esse* deposition can be conducted in the Northern District of California to preserve her testimony.

Finally, the contract was formed under the laws of the District of Columbia, which are more easily applied by courts in this jurisdiction familiar with the local law. The District of Columbia has a significant interest in ensuring that District of Columbia law is properly applied as this type of litigation is not uncommon in the nation's capital, which thrives on the tourist/hotel industry.

All weighed, the balance of factors tilts in favor of maintaining the action in this Court.

Accordingly, it is this 4th day of November 1997,

**ORDERED** that defendant's motion to dismiss for want of jurisdiction [# 16] shall be, and hereby is, **denied;**

**FURTHER ORDERED** that the defendant's motion to transfer the action [# 16] to the United States District Court for the Northern District of California pursuant to forum non conveniens shall be, and hereby is, **denied.**

**FURTHER ORDERED** that the defendant's motion for an extension of time to file a reply [# 22] shall be, and hereby is, **granted,** and the reply submitted as an exhibit to the motion, and considered by the Court, shall be deemed filed.