**GEMOLOGICAL INSTITUTE OF AMERICA, INC., Plaintiff,**

v.

**Trang THI–DAI PHAN, et al., Defendants.**

**No. CIVA00–2708HHK/DAR.**

United States District Court, District of Columbia.

June 29, 2001.

William Eugene Bradley, Fulbright & Jaworski, L.L.P, Washington, DC, Scott

Harris Blackman, Lyon & Lyon, LLP, Washington, DC, for Gemological Institute of America, Inc.

Jerome A. Swindell, Vinson & Elkins, L.L.P., Washington, DC, for GIA & Co. Enterprises, Inc., Trang Thi–Dai Phan, Phan Inc.

### MEMORANDUM ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Pending for determination by the undersigned United States Magistrate Judge is Defendants' Motion to Transfer Venue (Docket No. 8). In it, defendants seek to transfer this action to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion on the ground that defendants cannot demonstrate that "the balance of convenience 'strongly' favors" the Southern District of Texas over the District of Columbia, and that this district "is actually more convenient." Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer Venue ("Plaintiff's Opposition") at 1.

Upon consideration of the motion; the memoranda in support thereof and in opposition thereto; the oral arguments of counsel at the hearing on the motion and the entire record herein, the motion will be granted.

### BACKGROUND

Plaintiff Gemological Institute of America, Inc. ("GIA") is a non-profit organization which maintains its principal place of business in Carlsbad, California. Among the activities which plaintiff conducts is the issuance of diamond grading reports and the credentialing of jewelers and other retailers. Plaintiff's Opposition at 3.

Defendants Phan, Inc. and GIA & CO. Enterprises, Inc. ("GIA & CO., Inc.") are

both Texas corporations with their principal place of business in Houston, Texas. Defendants state that defendant Trang Thi–Dai Phan is the president of Phan, Inc., and that she resides in Houston. Defendants' Motion to Transfer Venue ("Defendants' Motion") at 1. Phan, Inc. owns and operates four clothing stores which do business under the name "GIA & CO." One of the stores is located in the District of Columbia; the other three are in Texas, Maryland and Pennsylvania. *Id.* In a declaration which accompanies defendants' motion, defendant Trang Phan states that she is one of five sisters who founded Phan, Inc., a privately owned corporation in late 1996. Defendant Trang Phan characterizes Phan, Inc. as "a small company with limited resources" which has not grossed in excess of $400,000 annually since it opened its first store. Defendant Trang Phan represents that defendant GIA & CO., Inc. "is a wholly owned inactive subsidiary of Phan, Inc. and has no assets." Defendants' Motion at 1; Declaration of Trang Thi–Dai Phan in Support of Defendants' Motion to Transfer Venue ("Phan Declaration"), ¶¶ 2–4, 7, 9.

The application of defendant Phan, Inc. to register the "GIA & CO." mark was approved in late 1998. In October, 1999, plaintiff filed an opposition against the trademark application in the Patent and Trademark Office. In November, 2000, plaintiff commenced the instant action for trademark infringement, unfair competition and trademark dilution.[1]

Defendants move this court to transfer this action to the Southern District of Texas. Defendants maintain that the District of Columbia is an inconvenient forum, and that the Southern District of Texas is more convenient because the defendants, their

witnesses, and all of their "documents and things" are located there. Defendants further maintain that plaintiff would not be inconvenienced by the transfer, and that the transfer would reduce the litigation costs of all parties. Finally, defendants maintain that the interest of justice favors the transfer of this action to the Southern District of Texas. *See* Defendants' Motion at 4–11; Defendants' Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer Venue ("Defendants' Reply") at 2, 6–17.

Plaintiff, in its opposition, proffers that two "significant factor[s]" informed its decision to file this action in this district. First, plaintiff represents that defendant Trang Phan "had declared earlier in the year ... that her address was in Washington, D.C.[,]" and plaintiff therefore concluded that "the District of Columbia was the only district in which [plaintiff] could maintain an action against both [Trang Phan] and her companies." Second, plaintiff claims that "this district appeared to be the center of gravity for Defendants' infringing activities, and, based upon discovery taken in the related Opposition before the [Trademark Trial and Appeal Board], that has now been confirmed." Plaintiff's Opposition at 4. Plaintiff maintains that defendants "cannot meet their burden to show that the balance of convenience 'strongly' favors Texas over Washington, D.C.[,]" and that "when all of the interests are weighed, the D.C. Court is actually more convenient." Plaintiff's Opposition at 1.

Plaintiff submits that it would be "greatly inconvenienced" by the requested transfer because "[plaintiff's] New York-based

---

**1.** The Trademark Trial and Appeal Board granted Phan, Inc.'s Motion to Suspend the Opposition Proceeding pending the determination of the instant action. *See* April 18, 2001 Notice of Filing (Docket No. 18).

employees responsible for serving the vast majority of accounts in Washington, D.C., Maryland and Pennsylvania would be substantially inconvenienced by a proceeding in Texas." Plaintiff adds that "GIA & CO's infringing activities are predominantly in this District and the surrounding area," and that plaintiff "likely would need to arrange for ... travel to Texas and to pay for ... travel costs and time away from work" of "the aggrieved GIA-credentialed retailers and others[.]" Plaintiff's Opposition at 9–10.

## DISCUSSION

■ Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold question in the consideration of a motion to transfer pursuant to this provision is thus whether the action could have been brought in the proposed transferee district. *DeLoach v. Philip Morris Co., Inc.,* 132 F.Supp.2d 22, 24 (D.D.C.2000); *Reiffin v. Microsoft Corp.,* 104 F.Supp.2d 48, 51 (D.D.C.2000); *see Boers v. United States,* 133 F.Supp.2d 64, 65 (D.D.C.2001) ("[t]o transfer an action, venue must be proper in the transferee district."). The court must also consider factors bearing on the interests of the parties as well as the public interest, including

> the convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of

expeditiously and conveniently conducting a trial.

*Boers,* 133 F.Supp.2d at 65 (quoting *SEC v. Page Airways,* 464 F.Supp. 461, 463 (D.D.C.1978)); *see Reiffin,* 104 F.Supp.2d at 51–52; *Wilderness Soc'y v. Babbitt,* 104 F.Supp.2d 10, 12 (D.D.C.2000).

■ This Court has held that "[i]n assessing the convenience to the parties of the two potentially proper venues, the court recognizes that the plaintiff's choice of forum is usually accorded 'substantial deference' in the venue analysis." *Reiffin,* 104 F.Supp.2d at 52. Deference to a plaintiff's choice of forum is particularly strong where plaintiff has chosen his home forum; however, "substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum." *Id.; see DeLoach,* 132 F.Supp.2d at 24 ("although a plaintiff's choice of forum is ordinarily accorded a significant degree of deference, numerous cases in this Circuit recognize that such a choice receives substantially less deference where the plaintiffs, as here, neither reside in, nor have any substantial connection to, that forum.").

■ The moving party bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted. *DeLoach,* 132 F.Supp.2d at 24; *Sheraton Operating Corp. v. Just Corporate Travel,* 984 F.Supp. 22, 25 (D.D.C.1997). The district court has broad discretion in the determination of such motions, and should "adjudicate such motions according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citation omitted); *see DeLoach,* 132 F.Supp.2d at 24; *Wilderness Soc'y,* 104 F.Supp.2d at 12.

### Venue in Proposed Transferee District

■ First, the undersigned finds that the answer to the "threshhold question" is that this action could have been brought in the Southern District of Texas. As jurisdiction is founded upon a federal question,[2] the action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1); *see DeLoach,* 132 F.Supp.2d at 24. Plaintiff does not dispute that the two corporate defendants have their principal place of business in Houston, in the Southern District of Texas. While plaintiff contends that the individual defendant, Trang Phan, resides in the District of Columbia, the undersigned finds that plaintiff relies upon a strained reading of defendant Phan's deposition testimony in support of that contention.[3] However, as defendant Trang Phan, in the declaration which accompanies defendants' motion, states that "I reside at 4380 Varsity Lane, Houston, Texas 77004," *see* Phan Declaration, ¶ 3, the undersigned need not give further consideration to the statements previously made by defendant Phan, in some other context, regarding where she lived. Accordingly, the undersigned finds that each of the three defendants is subject to personal jurisdiction in the Southern District of Texas.

### Plaintiff's Choice of Forum

Next, the undersigned finds that little deference to plaintiff's choice of forum is warranted, since the District of Columbia is not plaintiff's home forum, and plaintiff has not shown that it has "any substantial connection" to this forum. *See DeLoach,* 132 F.Supp.2d at 24; *Hawksbill Sea Turtle v. FEMA,* 939 F.Supp. 1, 3 (D.D.C.1996). More specifically, plaintiff has not shown that the interests of this forum in the parties or the subject matter outweigh those of the proposed transferee district, where all defendants reside; the corporate defendants maintain their principal place of business; and defendants' inventory, records and witnesses are located. Nor has plaintiff shown that its ties to the District of Columbia are more significant than its ties to the Southern District of Texas; indeed, plaintiff has not shown that the nature and extent of its activities in the District of Columbia are any different than they are in the Southern District of Texas.[4]

While plaintiff claims that "the greatest impact of the infringement occurs here[,]" *see* Plaintiff's Opposition at 1, the undersigned finds that the claim is wholly conclusory. Plaintiff appears to rely solely on the statement of defendant Trang Phan that the District of Columbia store is the "most profitable" of the four; however, plaintiff has not attempted to show that it is significantly more profitable that any other store, or that there is any nexus between the profits of the District of Columbia store and the "impact" of

---

2. *See* First Amended Complaint and Jury Demand, ¶¶ 1–4.

3. *See* Defendants' Reply at 2–6.

4. In its opposition to defendants' motion, plaintiff states simply, "GIA's presence and interests *in this area* are much greater than in Texas—GIA's Gem Trade Laboratory headquarters *are in New York,* from which it maintains a relationship with several hundred jewelers in this area[.]" Plaintiff's Opposition at 1 (emphasis supplied). While plaintiff may have suggested a nexus between one of its corporate entities and the Southern District of New York, it has made no effort to demonstrate that it has any significant ties to this district which are greater than its ties to the Southern District of Texas; indeed, plaintiff states that it credentials retailers "who advertise and display GIA credentials *throughout the United States and rest of the world."* Plaintiff's Opposition at 3 (emphasis supplied).

the alleged infringement. The undersigned finds that plaintiff's assertion that defendant Phan, Inc. maintains a corporate office in the District of Columbia, *see* Plaintiff's Opposition at 5, is unfounded: defendant Trang Phan described the Washington, D.C. address as a "residence." *See* Plaintiff's Exhibit 11 (Transcript of Deposition of Trang Phan at 63: 16–17). The only reference plaintiff makes in its complaint to any alleged infringement in the District of Columbia is that one of the stores the corporate defendants operate is in the District of Columbia. *See* First Amended Complaint and Jury Demand, ¶¶ 7–8. Plaintiff specifically alleges that the corporate defendants also sell infringing goods in Austin, Texas, as well as Baltimore, Maryland and State College, Pennsylvania. First Amended Complaint and Jury Demand, ¶¶ 9–10.

In sum, because the court "recognizes the diminished consideration accorded to a plaintiff's choice of forum where ... that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter[,]" plaintiff's choice of the District of Columbia is entitled to little deference. *Wilderness Soc'y,* 104 F.Supp.2d at 13 (internal quotations omitted); *see Comptroller of Currency v. Calhoun First Nat'l Bank,* 626 F.Supp. 137, 140 n. 9 (D.D.C.1985) (plaintiff's choice of forum entitled to less deference where there is "an insubstantial factual nexus" with the chosen forum.).

### *Factors Enumerated in Section 1404(a)*

Finally, the undersigned finds that consideration of the factors expressly enumerated in Section 1404(a)—the convenience of the parties, the convenience of the witnesses, and the interests of justice—warrants the determination that this action should be transferred to the Southern District of Texas pursuant to that statute. The District of Columbia is not plaintiff's home forum; moreover, plaintiff does not contend that any of its offices, employees, documents, party witnesses or expert witnesses are in the District of Columbia. The principal inconvenience which plaintiff asserts that the proposed transfer would occasion is that "the numerous third party witnesses would be greatly inconvenienced by having to travel 1500 miles or more to Texas." Plaintiff's Opposition at 11. However, that claim, standing alone, is not a basis upon which to determine that the balance of interests favors denial of the motion to transfer. This Court has held that "convenience of the witnesses should be considered 'only to the extent that the witnesses may actually be unavailable for trial in one of the fora.'" *Wilderness Soc'y,* 104 F.Supp.2d at 15 (citation omitted). The undersigned finds that plaintiff has failed to make this showing. Plaintiff has not identified a single witness who would be available in the District of Columbia but not the Southern District of Texas, or shown that the "inconvenience" of travel to Texas is significantly greater than that of travel to the District of Columbia. In any event, since plaintiff, by its own admission, maintains a presence "throughout the United States and rest of the world[,]" *see* Plaintiff's Opposition at 3, the retailers plaintiff intends to call as "third party" witness are certainly available in Texas. *See* Plaintiff's Opposition at 11–12.

In contrast, defendants have shown that their key witnesses, documents and stored inventory are in the Southern District of Texas. *See* Defendant's Reply at 8–11. Indeed, plaintiff does not dispute this proposition, and instead, suggests simply that "[d]efendants' inconvenience is greatly exaggerated[.]" *See* Plaintiff's Opposition at 8–9. While plaintiff maintains that Bien

Phan, a District of Columbia resident, is "the most knowledgeable person concerning GIA & CO.'s present jewelry sales and the types of customers it receives for *all* four of GIA & CO. stores[,]" *see* Plaintiff's Opposition at 9, defendants represent that defendant Trang Phan—who is available in the Southern District of Texas—makes the purchasing and sales decisions. Defendants' Reply at 11–12.

Additionally, the undersigned finds that the interests of justice favor the transfer of this action to the Southern District of Texas. Plaintiff does not maintain that it is unable to bear the cost of litigating this action in Texas. While plaintiff, in its opposition, states that "neither plaintiff nor plaintiff's counsel has an office or employee anywhere in Texas[,]" *see* Plaintiff's Opposition at 10, plaintiff likewise has no office or employee in the District of Columbia. The fact that plaintiff's counsel has an office in the District of Columbia but not the Southern District of Texas is of little moment. *See Vencor Nursing Ctrs. v. Shalala*, 63 F.Supp.2d 1, 6 n. 4 (D.D.C. 1999) (citing *Armco Steel Co. v. CSX Corp.*, 790 F.Supp. 311, 324 (D.D.C.1991)); *National Union Fire Ins. Co. v. Coric*, 924 F.Supp. 373, 380 (N.D.N.Y.1996), *aff'd in part, rev'd in part*, 108 F.3d 17 (2nd Cir. 1997). One court has expressly held that "any inconvenience that might enure to counsel is unpersuasive and generally not a factor to consider." *Wine Mkts. Int'l, Inc. v. Bass*, 939 F.Supp. 178, 182 (E.D.N.Y.1996) (citations omitted).

Moreover, as the corporate defendants maintain their principal place of business in the Southern District of Texas; the individual defendant resides there; one of the retail outlets operated by defendants is there; and defendants' records and stored inventory are there, "[plaintiff's] allegations are far more likely to constitute a 'matter of great public concern'" to the citizens of the Southern District of Texas than to the citizens of the District of Columbia. *See DeLoach*, 132 F.Supp.2d at 26. Plaintiff, by its own characterization, maintains a global presence, and does not suggest that the cost of litigating this action in the Southern District of Texas would present an undue burden. Defendants, on the other hand, have shown that their resources are far more limited than plaintiff's. *See* Defendants' Reply at 15–17.

A court may properly consider in assessing the interest of justice "the relative ability of the parties to bear the expenses of litigating in a distant forum[.]" *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F.Supp. 638, 641–42 (D.Minn.1996); *see Ashmore v. Northeast Petroleum Div. of Cargill, Inc.*, 925 F.Supp. 36, 39 (D.Me. 1996) ("The relative financial strength of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis."). As plaintiff "has not offered any documentation to show that prosecuting [its] action in [the Southern District of Texas] would be unduly burdensome to [its] finances[,]" *see Lappe v. American Honda Motor Co.*, 857 F.Supp. 222, 230 (N.D.N.Y.1994), *aff'd*, 101 F.3d 682, 1996 WL 170209 (2nd Cir.1996), the undersigned finds that the relative financial means of the parties favors transfer.

Accordingly, the undersigned finds that the transfer of this action to the Southern District of Texas would minimize the defendants' burden of litigation, and would not demonstrably increase plaintiff's burden. *See Harris v. Republic Airlines*, 699 F.Supp. 961, 962 (D.D.C.1988) (court may take into account "practical considerations which will facilitate a final resolution of the litigation in an expeditious and inexpensive manner."); *cf. Heating and Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc.*, 935 F.Supp. 1167,

1172 (D.Kan.1996) (where transfer "would only shift the inconveniences to plaintiff," court will not disturb plaintiff's legitimate choice of forum.); *Enviroplan v. Western Farmers Elec. Coop.*, 900 F.Supp. 1055, 1064 (S.D.Ind.1995) (transfer should not be granted where transfer "would shift convenience (and conversely, inconvenience) from one party to another[.]").

## CONCLUSION

For all of the foregoing reasons, the undersigned finds that this action could have been brought in the Southern District of Texas. The undersigned further finds that the balance of the interests of the parties and the witnesses, as well as the interests of justice, warrant the transfer of this action to the Southern District of Texas. It is, therefore, this 29th day of June, 2001,

**ORDERED** that Defendants' Motion to Transfer Venue (Docket No. 8) is **GRANTED,** and that this action is transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).